UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THOMAS MYERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 24-12461-FDS |
| INTEGRA LIFESCIENCES COPRORATION, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**SAYLOR, C.J.**

Plaintiff Thomas Myers brought this action seeking monetary relief against his former employer, defendant Integra LifeSciences Corporation. The complaint alleges that defendant retaliated against plaintiff by terminating him after he raised health and safety concerns concerning the company's products. The complaint also asserts claims against defendant for breach of implied contract and breach of the implied covenant of good faith and fair dealing. Jurisdiction is based on diversity of citizenship.

For the following reasons, the motion will be granted.

**I.      Background**

On November 25, 2024, defendant filed a motion to dismiss the entire complaint for failure to state a claim upon which relief can be granted. It moved to dismiss Count 1, which alleged a claim for whistleblower retaliation in violation of Mass. Gen. Laws ch. 149, § 185, on the ground that it was not a public employer covered by the statute; Count 2, which alleged a

claim for whistleblower retaliation in violation of the Rhode Island Whistleblowers' Protection Act, R.I. Gen. Laws § 28-50-1 *et seq.* ("RIWPA"), on the ground that the Rhode Island statute does not apply to Massachusetts; and Counts 3 and 4, which alleged claims for breach of implied contract and breach of the implied covenant of good faith and fair dealing, on the ground that the complaint failed to assert sufficient facts to establish the existence of a contract.

On December 16, 2024, plaintiff filed a partial opposition to the motion to dismiss and a cross-motion for leave to file an amended complaint. The proposed amended complaint eliminates the claim for whistleblower retaliation in violation of Massachusetts law, and replaces it with a new claim under Massachusetts law for wrongful termination in violation of public policy.[1] The proposed amended complaint also includes additional factual allegations concerning the alleged violations. Defendant filed an opposition on January 24, 2025.

## II.    Legal Standard

In general, courts should "freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court need not grant a motion to amend when there is "undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." *U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A district court evaluating a motion for leave to amend a complaint "must consider the totality of the circumstance[s]." *Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013).

---

[1] The proposed amended complaint also adds claims for intentional (Count 5) and negligent infliction of emotional distress (Count 6). However, in his reply brief, plaintiff represents that he and defendant have agreed to withdraw those two proposed claims.

2

**III.     Analysis**

As noted, the amended complaint seeks to add additional factual allegations, eliminate one claim, and add another. There has not been undue delay on plaintiff's part sufficient to require denial of the motion, as he moved to amend less than three months after filing the complaint and less than one month after defendant moved to dismiss. *See, e.g.*, *Springer v. Spencer*, 2014 WL 2515694, at *5 (D. Mass. June 3, 2014) (stating that the filing of a motion to amend more than one year after filing suit did not constitute undue delay). There is no basis to believe that plaintiff acted in bad faith or repeatedly failed to cure deficiencies, nor is there likely to be material prejudice to defendant, given the posture of the case.

The more substantial issue is whether the amendment would be futile—that is, whether the claim, even as amended, would fail to state a claim upon which relief can be granted.

As noted, Count 2 of the original complaint asserts a claim under the RIWPA. Defendant moved to dismiss on the ground that it is a Delaware corporation with a principal place of business in New Jersey; that plaintiff was employed exclusively in Massachusetts; and that the Rhode Island statute does not apply extraterritorially, even if plaintiff resided in Rhode Island when working for defendant.

The proposed amended complaint contains only two paragraphs that refer to Rhode Island. First, it alleges that plaintiff is a resident of Cumberland, Rhode Island. (Am. Compl. ¶ 2). Second, it alleges that "[a]t all times material hereto, [plaintiff] performed his work for Integra in both Massachusetts and Rhode Island and Integra does business in both Massachusetts and Rhode Island." (*Id.* ¶ 7). It further alleges that plaintiff was the "senior director, site head of quality operations at [the company's] Boston, Massachusetts location," (*id.* ¶ 9), and directly refers to events occurring at the Boston location in two other paragraphs, (*id.* ¶¶ 10, 17).

3

The amended complaint thus does not allege that any specific act occurred in Rhode Island.  And it is certainly doubtful whether the RIWPA has extraterritorial effect.  *See, e.g., Farrell v. Emps.' Liab. Assur. Corp.*, 168 A.911, 912 (R.I. 1933) (stating that absent an indication to the contrary, "extraterritorial force cannot be given to a [Rhode Island] statute").  Under the circumstances, there is a substantial question as to whether Count 2 of the proposed amended complaint states a claim upon which relief can be granted, and therefore the amendment as to that count may well be futile.

Nonetheless, and without expressing an opinion as to the merits, the Court is reluctant to decide the issue on that basis.  In light of the relative complexity of the matter from a factual standpoint, the resolution of the issue of the applicability of the RIWPA would best be resolved on a more complete evidentiary record, on summary judgment or otherwise.  Plaintiff's motion for leave to file an amended complaint as to Count 2 will therefore be granted.

As to Counts 3 and 4, the original complaint asserts claims for breach of implied contract and breach of the implied covenant of good faith and fair dealing.  As noted, defendant contends that those counts should be dismissed because the complaint failed to assert sufficient facts to establish the existence of a contract.

To assert such claims, the complaint must normally allege facts to support the existence of a valid contract, including an offer, an acceptance, and an exchange of consideration.  *See Madden v. Ascensus Coll. Sav. Recordkeeping Servs., LLC*, 2021 WL 231298, at *4 (D. Mass. Jan. 22, 2021).  To survive a motion to dismiss, the complaint must allege with "substantial certainty" the specific contractual obligation that the defendant breached.  *Hogan v. Teamsters Local 170*, 2020 WL 5821905, at *3 (D. Mass. Sept. 30, 2020).

The proposed amended complaint does not allege that plaintiff had an actual employment contract of any kind; it appears that he was an at-will employee. Although an at-will employee generally cannot succeed on a breach-of-contract claim, Massachusetts law provides two "narrow exceptions for violations of public policy or to prevent unjust enrichment of an employer." *Beaupre v. Seacoast Sales, Inc.*, 507 F. Supp. 3d 353, 361 (D. Mass. 2020). The public-policy exception applies only to circumstances in which the at-will employee is "terminated for asserting a legally guaranteed right . . . , for doing what the law requires . . . , or for refusing to do that which the law forbids[.]" *Id.* And an unjust-enrichment claim may arise against an employer who, for example, "fires an employee and thereby deprives him or her of bonuses, commissions, or wages." *Id.* (citations omitted). The unjust-enrichment exception can also support a claim for breach of the implied covenant of good faith and fair dealing. *Id.*

Here, the proposed amended complaint contains five new paragraphs in support of the claims set forth in Counts 3 and 4. Most relevantly, it alleges that defendant represented to plaintiff on multiple occasions that he would receive the company's "full[] support[] in his decisions to uphold the regulatory law." (Am. Compl. ¶ 69). It further alleges that plaintiff performed his duties by "upholding the regulatory law," but that "rather than support[ing] [plaintiff] in his performance on the agreement," defendant instead terminated him. (*Id.* ¶ 70). The amended complaint then alleges that defendant violated its own "policies and procedures, which prohibit whistleblower retaliation," by terminating plaintiff, resulting in plaintiff's loss of "stock options, stock equity[,] and restricted stock units" that he had already "earned." (*Id.* ¶¶ 68, 72). And it alleges that defendant terminated plaintiff because "he would not accede to [defendant's] violations of state and federal laws[.]" (Am. Compl. ¶ 67).

The proposed amended complaint therefore plausibly alleges that plaintiff was terminated "for doing what the law requires," in violation of public policy. *See Beaupre*, 507 F. Supp. 3d at 361. Moreover, it plausibly alleges that defendant was unjustly enriched because plaintiff's termination deprived him of compensation in the form of previously earned "stock options, stock equity[,] and restricted stock units." (Am. Compl. ¶ 68). Thus, despite plaintiff's status as an at-will employee, he is not necessarily foreclosed from asserting claims for breach of implied contract and breach of the implied covenant of good faith and fair dealing.

Accordingly, and as with the proposed amendments to Count 2, the proposed amendments to Counts 3 and 4 are not so obviously futile so as to require a denial of the motion to amend. Plaintiff's motion for leave to file an amended complaint as to Counts 3 and 4 will therefore be granted.

**IV.     Conclusion**

Accordingly, and for the foregoing reasons, plaintiff's motion for leave to amend the complaint is GRANTED. The amended complaint shall be deemed in effect as of the date of this order, June 20, 2025.

**So Ordered.**

Dated:  June 20, 2025

/s/  F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court